**NOT FOR PUBLICATION**                                   **CLOSED**


## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                            :
DAVID GOODWIN,                              :
                                            :        Civil Action No. 03-0489 (JLL)
              Petitioner,                   :
                                            :
       v.                                   :            **O P I N I O N**
                                            :
TERRENCE MOORE, et al.,                     :
                                            :
              Respondents.                  :
_____     :


**APPEARANCES:**

        DAVID GOODWIN, #230979, Petitioner <u>Pro</u> <u>Se</u>
        East Jersey State Prison, Lock Bag R
        Rahway, New Jersey  07065

        SUSAN B. GYSS, Assistant Prosecutor
        EDWARD J. DEFAZIO, Prosecutor of Hudson County
        Administration Building
        595 Newark Avenue
        Jersey City, New Jersey 07306
        Attorney for Respondents


**LINARES, DISTRICT JUDGE**

        David Goodwin ("Goodwin"), currently confined at East Jersey State Prison in Rahway,

New Jersey, filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a), raising

several grounds for relief.  The State filed an Answer opposing the Petition, accompanied by

relevant portions of the State court proceedings.  For the reasons expressed below, the Court will

dismiss the Petition as untimely and decline to issue a certificate of appealability.

## I.  BACKGROUND

On November 30, 1990, after a jury trial, Petitioner was sentenced to a 30 year term of

imprisonment with a 30 year parole disqualifier for felony murder, in violation of N.J.S.A. 2C:

11-3a(3), and a concurrent five year term for unlawful possession of a weapon. (2C: 39-5b).

(Petition, ¶¶ 3,4; Petitioner's Memorandum of Law at p.1.) Petitioner appealed, and the New

Jersey Appellate Division affirmed his conviction on March 12, 1993.  (Id., ¶ 9 and p.2.)

Certification to the New Jersey Supreme Court was denied on June 8, 1993.  (Id.)  Petitioner later

filed a Petition for Post-Conviction relief in state court, which was denied, and a Motion for

Reconsideration, which was denied on February 25, 1995; his appeal was denied November 17,

1997, and certification denied by the New Jersey Supreme Court on March 3, 1998.  (Id.,

Petitioner's Memorandum of Law at p.2.)  Petitioner then filed a second petition for post-

conviction review on August 4, 1998; this Petition was denied on July 26, 1999, and the

Appellate Division reversed and granted post-conviction relief on May 18, 2001.  (Id.)  The

Supreme Court of New Jersey subsequently ruled that the second PCR petition had not been

timely filed and reversed the Appellate Division on August 2, 2002.  (Id.; Ans., Fourth Separate

Defense.)  See State v. Goodwin, 173 N.J. 583, 589 (2002).  Petitioner submitted the instant

Petition on February 3, 2003.  (Docket.)

2

## II.  DISCUSSION

Statute of Limitations

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244 (d) (1).  The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>  ...

28 U.S.C. § 2244 (d) (1).

The applicable limitations period in Petitioner's case is 28 U.S.C. § 2244 (d) (1) (A).  Petitioner was sentenced on or about November 30, 1990, after a jury trial.  The New Jersey Appellate Division affirmed on March 12, 1993.  (Petition; Memorandum of Law, p.2.)  Certification to the New Jersey Supreme Court was denied on June 8, 1993.  (Id.)

As Petitioner's route of direct appeal ended before the effective date of the AEDPA on April 24, 1996, Goodwin's Petition for a writ of habeas corpus had to be filed with the Clerk of

3

this Court by April 24, 1997 in order to be timely under § 2244(d), unless the limitations period was statutorily and/or equitably tolled.  See Miller v. Dragovich, 311 F.3d 574, 576 (3d Cir. 2002); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998) (in cases in which a prisoner's conviction had become final before April 24, 1996, there would be a one-year grace period following the effective date of the AEDPA in which to file a petition for habeas corpus relief). Pursuant to the grace period applicable to convictions becoming final before the effective date of the AEDPA, Petitioner had one year, or until April 24, 1997, in which to file a Petition for a Writ of Habeas Corpus.  Petitioner submitted an application for state post-conviction relief, which was denied on July 15, 1994; his appeal was denied on November 17, 1997.  (Pet., Memorandum of Law. P.2.)  The New Jersey Supreme Court denied certification on March 3, 1998.  (Id.) As previously mentioned, Petitioner did not submit the present application until February 3, 2003. (Docket.)


Analysis

    The AEDPA provides that the statute of limitations is tolled during the time that a state prisoner is attempting to exhaust his claims in state court.  See 28 U.S.C. § 2244 (d) (2).[1] Petitioner's limitations period ordinarily would began running one day after April 24, 1996, due to the one year grace period for convictions becoming final prior to the effective date of the AEDPA

---

[1] 28 U.S.C. § 2244 (d) (2) provides as follows:
> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

on April 24, 1996, noted above.  Absent statutory or equitable tolling, the limitations period

expired on or about April 24, 1997.

      However, the statute of limitations under 28 U.S.C. § 2244 (d) is subject to two tolling

exceptions: statutory tolling and equitable tolling.  Merritt v. Blaine, 326 F.3d 157, 161 93d Cir.),

cert. denied, 124 S.Ct 317 (2003) (limitations period is statutorily tolled during the time a

"properly filed" application for state post-conviction review is pending in state court; equitable

tolling is a judicially crafted exception, citing Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999)

).  The record indicates that Petitioner's appeal of the denial of state post-conviction relief was

pending in the state courts on April 24, 1996, was not denied until November 17, 1997, and that

certification was denied on March 3, 1998.  (Pet.; Petitioner's Memorandum of Law, p.2)

Petitioner thus had one year from March 3, 1998 to file his Habeas Petition (the day certification

from the denial of post-conviction relief was denied).  However, he did not submit the current

Petition until February 3, 2003, well beyond the limitations period.

      Because the state courts found Petitioner's second Petition for post-conviction relief, filed

on August 4, 1998, to be time barred, it was not properly filed and therefore did not toll the

AEDPA limitations period.  See Pace v. DiGuglielmo,-- U.S.--, 125 S.Ct. 1807, 1814, (2005)

("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly

filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); see also Merrit v. Blaine,

326 F.3d 157, 163 (3d Cir.2003) ("[A] PCRA petition that was dismissed by the state court as

time-barred was not 'properly filed' under AEDPA.") (citing Fahy v.Horn, 240 F.3d 239, 244 (3d

Cir.2001)). Accordingly, the one year period in which Petitioner could have filed for writ of

habeas corpus pursuant to 28 U.S.C. § 2254 that began to run on March 3, 1998 (when his first

PCR petition was denied), was not tolled by his filing of his second PCR petition on August 4, 1998, as that Petition was ultimately found to be untimely under New Jersey law.

Given these facts, Petitioner had until March 3, 1999, to submit a habeas corpus petition pursuant to 28 U.S.C. § 2254.  Petitioner did not do so until February 3, 2003, nearly four years later.  Hence, Petitioner is not entitled to statutory tolling under the AEDPA, as his federal habeas Petition was filed well after the statute of limitations had expired.

As noted above, the AEDPA statute of limitations is also subject to equitable tolling. Merritt,  supra; Miller v. N.J. State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  Such tolling is applicable

> only when the principle of equity would make
> the rigid application of a limitation period unfair.
> Generally, this will occur when the petitioner
> has in some extraordinary way been prevented
> from asserting his or her rights.  The petitioner
> must show that he or she exercised reasonable
> diligence in investigating and bringing [the]
> claims.  Mere excusable neglect is not sufficient.
> [Id.]

Equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Jones, supra, 195 F.3d at 159 (quoting United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)).  Petitioner has not demonstrated that he, in some extraordinary way, was prevented from asserting his rights, mistakenly asserted his rights in the wrong forum, or was misled.  Moreover, after independent review of the record, the Court and can discern no extraordinary circumstances warranting equitable tolling.

Certificate of Appealability

Finally, the Court must determine whether a certificate of appealability should issue.  See Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only if Petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253 (c) (2).

When a federal court dismisses a habeas petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must demonstrate that jurists of reason would find it debatable:  (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  In such a circumstance, no appeal would be warranted."  Id.

As explained above, the Court has concluded that this Petitioner's application is time barred, and that neither the statutory tolling provision nor the doctrine of equitable tolling renders his Petition timely.  The Court is persuaded that reasonable jurists would not debate the correctness of these conclusions.  Therefore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and  no certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c).  See Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

### III.  CONCLUSION

For the foregoing reasons, the Court dismisses the Petition for Habeas Corpus Relief, and declines to issue a Certificate of Appealability pursuant to 28 U.S.C. § 2253 (c).

An appropriate Order accompanies this Opinion.


_____/s/ Jose L. Linares_____
UNITED STATES DISTRICT JUDGE


**DATED: November 9, 2005**

_____